UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,<br><br>Plaintiff,<br>v.<br><br>PELE LACRUZ WATKINS SR. and ALISHA RUBY ORTIZ (deceased),<br><br>Defendant. | Case No. 2:17-cv-00354-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Receipt of Initiating Docs – ECF No. 1) |

This matter is before the court on Defendant Pele LaCruz Watkins Sr.'s failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Watkins is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. The court has received Initiating Documents (ECF No. 1) to commence this case, but Watkins did not submit an IFP application or remit the $400.00 filing fee. However, upon review of the initiating documents, the court seriously doubts that it has jurisdiction over this case. Mr. Watkins' first filing is titled a Notice of Removal (ECF No. 1-1) in which he asserts that he is removing this action from the State of Nevada's Eighth Judicial District Court, Family Division – Juvenile, to the United States District Court for the District of Nevada, Las Vegas Division. *See In re M.-O.-W. Children*, Case No. J-14-333536-PC (the "Juvenile Proceeding"). Attached to the Notice of Removal are copies of pleadings, orders, and related submissions in the Juvenile Proceeding. *See* Initiating Docs. (ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7).[1] The court takes

---

[1] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, which addresses privacy protections for minor children among other things, the court restricted public access to these documents.

judicial notice of the filings in the Juvenile Proceeding for the purposes of this Report of Findings and Recommendation. Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *See, e.g.*, *Mark v. Kuckenmeister*, 619 F3d 1010, 1014 n.1 (9th Cir. 2010).

Removal in this case is purportedly based on federal question jurisdiction. Mr. Watkins states that the Juvenile Proceeding involves allegations of domestic violence, child endangerment, and injuries to the subject minors. Watkins states that his biological son was removed from his care in February 2016 and is now a ward of the state. Watkins claims that federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff Clark County Department of Family Services ("Plaintiff") alleges claims against him under the federal Violence Against Women Act of 1994, Violent Crime Control and Law Enforcement Act of 1994, and Child Abuse Prevention and Treatment Act, as well as the Uniform Child Custody Jurisdiction Act codified in Chapter 432B of the Nevada Revised Statutes. To the extent that Plaintiff alleges statutory, state, common law, or other non-federal claims, Watkins asserts that this court has supplemental jurisdiction over his non-federal claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' federal claims.[2]

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014). Thus, *sua sponte*[3] remand is not only permissible, it is required when a jurisdictional defect exists. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (a district court "must remand if it lacks jurisdiction") (citation omitted); *see also Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 990 (D. Nev. 2005).

---

[2] Although the Notice of Removal mentions in passing that removal is also based on diversity of citizenship, Watkins did not allege the citizenship of the parties, or an amount in controversy. 28 U.S.C. § 1332(a); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010). But even if he had, it would not change the abstention analysis.

[3] "Sua sponte" is a Latin term meaning "without prompting or suggestion." *See* Black's Law Dictionary (10th ed. 2014).

Federal courts generally abstain from hearing a case that would interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–55 (1971). States have a vital interest in protecting the authority of their judicial systems so that a state court's orders and judgments are not rendered irrelevant. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). Thus, The Supreme Court has recognized a "domestic relations exception" that prevents the federal courts from exercising jurisdiction in child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d at 613 (affirming dismissal of case that sought to vacate existing state court orders in a child custody proceeding and enjoin future proceedings); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations.").

Since the landmark case of *In Re Burrus*, 136 U.S. 586 (1890), federal courts have uniformly abstained from adjudicating cases involving domestic relations issues, which includes child custody and visitation disputes as well as juvenile dependency proceedings, because the subject of domestic relations is generally considered a state law matter. *Peterson*, 708 F.2d at 466; *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); *Witherspoon v. Orange Cnty. Dep't Soc. Servs.*, 646 F. Supp. 2d 1176, 1179–80 (C.D. Cal. 2009). Federal abstention is appropriate in such cases based on: (1) the strong state interest in domestic relations matters, (2) the state courts' superior competence in settling family disputes, and (3) the possibility of incompatible federal and state court decisions since the state exercises ongoing judicial supervision. *Peterson*, 708 F.2d at 466 (citing *Moore v. Sims*, 442 U.S. 415 (1979)). Abstention is proper even if the case raises constitutional issues and is premised on alleged federal constitutional violations. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). "If the constitutional claims in the case have independent merit, the state courts are competent to hear them." *Id*.

The matters at issue in the Juvenile Proceeding fall squarely within the domestic relations exception; thus, the court finds that abstention is appropriate. The Notice of Removal acknowledges that the Juvenile Proceeding involves allegations of domestic violence, child endangerment, and injuries to the subject minors. Additionally, Watkins' biological son was

removed from his care in February 2016 and is now a ward of the state. Because it is clear from the face of the Notice of Removal that the court lacks subject matter jurisdiction and the nature of the removed matter precludes any possibility that the jurisdictional defect can be cured by amendment, the undersigned recommends that this case be remanded.

Accordingly,

**IT IS RECOMMENDED:**

1. This case be remanded to the Eighth Judicial District Court, Family Division – Juvenile in and for the State of Nevada.
2. The Clerk of the Court be instructed to close this case.

Dated this 24th day of February, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a), any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate

review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.